UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD LANE,

                            Plaintiff,

      v.                                               3:09-cv-0447

MICHAEL A. JACOBS and
JACOBS MOTORSPORTS, Ltd.,

                            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff commenced the instant action asserting claims of fraud, rescission of contract, replevin, conversion, and seeking a declaratory judgment arising out of a contract for the sale of a race car. Presently before the Court is Plaintiff's motion, brought by order to show cause, for an order of attachment and for an order enjoining Defendants transferring or otherwise moving the car.

**I.    FACTS**

In 1999, Plaintiff purchased a rare Toyota Mark II GRP race car. Plaintiff kept the car at Gunnar Racing in West Palm Beach, Florida. In late 1999 or early 2000, Plaintiff and Defendants entered into a contract for the sale of the vehicle. Pursuant to the parties' agreement, the car would be sold to Defendants for $125,000. Payment was to be made as follows: Defendants would make a $10,000 down payment, followed by twelve payments of $5,000 per month, with a final lump sum payment of the balance due thirty days after the last

of the twelve monthly payments.  Once payment had been made in full, Plaintiff would issue a bill of sale and release the vehicle to Defendant.

Defendants made a total of $15,000 in payments towards the purchase price when, in March 2000, they falsely represented to Gunnar Racing that the car had been paid in full and, therefore, the car could be released.  Gunnar Racing released the car to Defendants.  Upon learning that the car had been released, Plaintiff contacted Defendants and demanded that the car be returned.  Lane Aff. at ¶ 11.  Plaintiff also demanded payment in full.  Id.  Defendants made some additional payments, but did not return the car.  Id. at ¶ 12.  Plaintiff contends that Defendants promised "that there would be a resolution by the return of the car or the payment of the purchase price."  Id.

Plaintiff learned that Defendants removed the vehicle to Black Forest Racing in Volusia County, Florida.  Plaintiff attempted to repossess the vehicle from that location, but Defendants removed the vehicle to an unknown location before Plaintiff was able to repossess it.  In 2002, Plaintiff learned that the vehicle was at Leslie/Haughn Racing of Honesdale, PA.  Before Plaintiff was able to obtain the vehicle from Leslie/Haughn Racing, Defendants removed the car to an unknown location.  During this time, Plaintiff unsuccessfully attempted to communicate with Defendants concerning the return of the vehicle or payment of the balance owed.  Id. at ¶ 16.

In late 2003, Plaintiff wrote Defendants a letter demanding the return of the vehicle and rescinding the sale contract.  Id. at ¶ 17.  Plaintiff received no response from Defendants.

In April 2009, Plaintiff learned that the car was located in upstate New York and was going to be sold to a customer, Phil Stott, a resident of the United Kingdom.  Stott came to the United States, met with Defendants, and inspected the vehicle at Bresse Auto Body in

Grand Gorge, New York. Stott expressed concern about the condition of the vehicle and whether Defendants had clear title to it. Defendants advised Stott that title was not a concern because the statute of limitations had run on any breach of contract cause of action. To date, Defendants have not made payment in full and have not returned the car.

Plaintiff now brings the instant action against Defendants for breach of contract, replevin, conversion, rescission of contract, and fraud and seeking a declaratory judgment concerning ownership of the car. Presently before the Court is Plaintiff's motion, brought by Order to Show Cause, seeking an *ex parte* order of attachment or an order temporarily restraining Defendants from removing or transferring the vehicle. Plaintiff contends that the ordinary motion practice cannot be used here because there is a substantial likelihood that Defendants will attempt to secrete the vehicle or remove it from New York.

## II.    STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 64, New York's provisional remedies are available in federal court. Capital Ventures Intern. v. Republic of Argentina, 443 F.3d 214, 218-19 (2d Cir. 2006). New York law provides for the provisional remedy of attachment. N.Y.C.P.L.R. § 6201. "An order of attachment may be granted . . . where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when: . . . (3) the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts. . . ." N.Y.C.P.L.R. § 6201. "A plaintiff seeking an order of attachment must show 'that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in Section 6201

exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff.'" Capital Ventures Inter., 443 F.3d at 219 (quoting N.Y.C.P.L.R. § 6212(a)). A plaintiff seeking attachment must demonstrate a need for the attachment. Id. at 220. Such a need may be demonstrated by showing that the remedy is needed to secure payment or obtain jurisdiction. Id. at 222. "Where a plaintiff obtains an order of attachment, the defendant can move to vacate or modify the order, and its motion will be granted unless the plaintiff can establish also 'the need for continuing the levy.'" Id (quoting N.Y. CPLR § 6223). "Moreover, the defendant may challenge the existence of a statutory ground for attachment and the plaintiff's likelihood of success in moving to vacate or modify." Id.

### III.     DISCUSSION

In determining whether the remedy of attachment is available, the Court must first ascertain whether: (1) there is a cause of action; and (2) it is probable that Plaintiff will succeed on the merits. Recognizing that the applicable statutes of limitations may bar the instant action, Plaintiff invokes the doctrine of equitable estoppel. The basis of Plaintiff's argument is that Defendants engaged in fraudulent conduct in obtaining possession of the car and then continued to secrete its location.

> In New York, "[i]t is the rule that a defendant may be estopped to plead the Statute of Limitations where plaintiff was induced by fraud, misrepresentation or deception to refrain from filing a timely action." Simcuski v. Saeli, 44 N.Y.2d 442, 448-49, 377 N.E.2d 713, 716, 406 N.Y.S.2d 259, 262 (1978); see also Jordan v. Ford Motor Co., 73 A.D.2d 422, 424, 426 N.Y.S.2d 359, 360 (4th Dep't 1980); 75 N.Y.Jur.2d Limitations & Laches § 32 (1989). The plaintiff is said to bear the burden of establishing that the action has been brought within a reasonable time after the facts forming the basis for the estoppel no longer are operational. Simcuski, 44 N.Y.2d at 450, 377 N.E.2d at 717, 406 N.Y.S.2d at 263.

Golden Budha Corp. v. Canadian Land Co. of America, N.V., 931 F.2d 196, 200 (2d Cir. 1991).

The facts as alleged in the Complaint demonstrate that Plaintiff likely was aware of the facts giving rise to his causes of action in 2000 when Defendants obtained the car from Gunnar Racing without having paid the full purchase price.  Plaintiff was aware, or reasonably should have been aware, of such facts in 2002 when he learned that the car was at Leslie/Haughn Racing and he undertook efforts to repossess the car.  Similarly, Plaintiff was aware, or reasonably should have been aware of such facts in or about November 2003 at the latest when he "realiz[ed] . . . that [Defendants were] not going to honor [their] promise of payment. . . [and he] demanded return of the vehicle. . . .," but received no response from Defendants.  Lane Aff. at ¶ 17.  Because the instant action was commenced in 2009, more than five years after Plaintiff knew, or reasonably should have known, the facts giving rise to his claims, the instant action appears to be untimely.  In re Peters, 34 A.D.3d 29, 34 (1st Dept. 2006) (noting that a plaintiff has three years from the refusal to return a chattel in which to commence an action for its recovery); N.Y.C.P.L.R. § 214(3) (conversion and replevin claims are subject to a three year statute of limitations); Solomon R. Guggenheim Foundation v. Lubell, 77 N.Y.2d 311, 318 (1991) (three statute of limitations runs from the date of the theft); Fla. Stat. Ann. § 95.11(3) (four year statute of limitations); 42 Pa. C.S.A. § 5524 (two year statute of limitations).  Although Defendants may have engaged in fraudulent conduct in obtaining the car and may have undertaken efforts to prevent its repossession by concealing its whereabouts, because Plaintiff was actually aware of the conversion by 2003, including the identity of the persons who are purported to have converted the property, he could have commenced an action for replevin and/or conversion and, therefore, is not likely to succeed on a theory of equitable estoppel.  Plaintiff fails to explain why, or how, knowing the precise location of the vehicle prevented him from commencing an action against

Defendants.  The facts before the Court do not demonstrate that Plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action until 2009.

## IV.    CONCLUSION

For the foregoing reasons the Court finds that Plaintiff has failed to establish that he will succeed on the merits and, therefore, neither the remedies of attachment or injunctive relief are warranted.  Accordingly, Plaintiff's motion for an order of attachment and/or injunctive relief is DENIED.[1]

IT IS SO ORDERED.

Dated: April 16, 2009

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] Defendant Michael Jacobs is a member of the bar of the State of New York as well as a member of the bar of Northern District of New York.  The allegations of Complaint in this matter, if true, suggest conduct by Attorney Jacobs that could involve dishonesty, fraud, deceit and/or misrepresentation and other conduct that adversely reflects on his fitness as a lawyer, see 22 N.Y.C.R.R. Part 1200, Rule 8.4(c), (h).  Accordingly, this matter is being forwarded to the New York Appellate Division, Third Department Committee on Professional Standards, 22 N.Y.C.R.R. Part 1200, Rule 8.3(a), and to the Chief Judge of the Northern District of New York, N.D.N.Y.L.R. 83.4(g),(j).